THOMPSON LOWER PLLC
Raleigh C. Thompson, No. 11296
Ryan M. Lower, No. 9108
400 S. 4th Street, Suite 500
Las Vegas, Nevada 89101
Telephone: (702) 478-1404
Email: raleigh@thompsonlower.com
Email: ryan@thompsonlower.com

Attorneys for Defendants
Amazon.com NV Investment Holdings, LLC
and Amazon.com Services, LLC

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTOPHER SZYMBORSKI, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>AMAZON.COM NV INVESTMENT HOLDINGS, LLC , a Domestic Limited Liability Company; and AMAZON.COM SERVICES, LLC, a Foreign Limited Liability Company,<br><br>Defendants. | Case No.<br><br><br>**NOTICE OF REMOVAL** |

Amazon.com NV Investment Holdings, LLC and Amazon.com Services, LLC ("Amazon"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, remove this civil action from the Eighth Judicial District Court of Clark County, Nevada, to the United States District Court for the District of Nevada, unofficial Southern Division.

Diversity jurisdiction exists because there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.

T|L

## I.   INTRODUCTION

Plaintiff Christopher Szymborski ("Plaintiff") filed this action on January 27, 2026, in the Eighth Judicial District Court in Clark County, Nevada, Case Number A-26-938092-C. (*See* Ex. A, Docket (last accessed March 4, 2026)).

Plaintiff alleges the JESTOP electric immersion water heater (the "Product") he purchased from Amazon's store caused him "significant personal injuries" including severe burns and a "serious neck injury" when the Product exploded. (Ex. B, Compl. ¶¶ 22–30). He alleges the explosion also caused a fire, which resulted in "extensive property damage" including a flooded bedroom, bathroom, and closet. (*Id.*) And the "fire rendered Plaintiff's apartment uninhabitable, compounding the physical, emotional, and financial harm caused by the defective product." (*Id*. at ¶ 30). Plaintiff asserts claims against Amazon for Negligence, Strict Liability, and Breach of Warranties. (*Id*. at ¶¶ 35–53).

## II.   REMOVAL IS PROPER

This Court has subject-matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A.   There is complete diversity among parties.

Diversity is determined by the citizenship of the parties at the time the original complaint was filed, and complete diversity must exist at the time of removal. *Strotek Corp. v. Air Transp. Ass'n. of Am.*, 300 F.3d 1129, 1131–32 (9th Cir. 2002) (citing *Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998)); *Grancare, LLC*, 889 F.3d 543, 548 (9th Cir. 2018) ("Diversity

removal requires complete diversity, meaning that each plaintiff must be of a different citizenship from each defendant.").

Plaintiff is a resident and citizen of Nevada. (Ex. B, Compl. ¶ 1).

The defendants are limited liability companies. "[A] limited liability company 'is a citizen of every state of which its owners/members are citizens.'" *3123 SMB LLC v. Horn*, 880 F.3d 461, 465 (9th Cir. 2018) (quoting *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)).

The citizenship of the Amazon defendants that are named or referenced in the complaint is as follows:

1. Amazon.com Services LLC is a citizen of Delaware and Washington. Its sole member Amazon.com Sales, Inc. is a Delaware corporation with its principal place of business in Washington.

2. Amazon.com NV Investment Holdings LLC is a citizen of Delaware and Washington. Its sole member Amazon.com Inc. is a Delaware corporation with its principal place of business in Washington.

Accordingly, there is complete diversity as required for subject matter jurisdiction under 28 U.S.C. § 1332.

**B.     The amount in controversy exceeds $75,000.**

A "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" of $75,000. *Dart Cherokee Basin Operating Co., v. Owens*, 574 U.S. 81, 89 (2014). District courts are permitted to make reasonable deductions, reasonable inferences, and other reasonable extrapolations from the documents submitted in support of removal and the Court may use its judicial experience and common sense in determining if a case meets the

T|L

federal jurisdictional requirements. *See e.g., Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (a "district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy."). It may be "facially apparent" from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when the "complaint does not claim a specific amount in damages." *Id.*

Plaintiff alleges personal injuries and property damage from the alleged explosion of an electric immersion water heater on April 11, 2024. (*See* Ex. B, Compl., generally). Specifically, he alleges the explosion of the Product caused him "significant personal injuries" including severe burns and a "serious neck injury." (Ex. B, Compl. ¶¶ 22–30). He alleges the explosion also caused a fire in his apartment that set off fire sprinklers resulting in "extensive property damage" including a flooded bedroom, bathroom, and closet. (*Id.*) He further alleges the "fire rendered Plaintiff's apartment uninhabitable, compounding the physical, emotional, and financial harm caused by the defective product." (*Id.* at ¶ 30). Each of his claims for Negligence, Strict Products Liability, and Breach of Warranties, alleges "Plaintiff suffered severe personal injuries and damages in an amount to be proven at trial, but which amounts are believed to be in excess of [] $15,000.00." (*Id.* at ¶¶ 35–53). Finally, he requests relief "[f]or general and special damages in excess of $15,000"; "[f]or interest at the statutory rate"; "[f]or reasonable attorneys fees and costs of suit"; and "[f]or such other and further relief as the Court may deem just and proper." (*Id.* at p. 30). Considering the injuries he contends he incurred, it is apparent from the face of Plaintiff's complaint that his total requested damages likely exceed $75,000. *See Ballard v. Best Buy Stores, L.P.*, No. 2:14-CV-2058-JCM-PAL, 2015

T|L

WL 357112, at *3 (D. Nev. Jan. 27, 2015) (denying plaintiff's motion to remand and finding it appeared likely that plaintiff's total requested damages exceeded $75,000 where she characterized her injuries as permanent and disabling and requested multiple categories of past and future damages). Accordingly, the amount in controversy exceeds the $75,000 threshold.

### C.   Removal is timely.

This notice is timely. The Complaint was served upon Amazon on February 3, 2026, so the thirty-day clock on removal has not yet run under 28 U.S.C. § 1446(b).

## III.   VENUE AND NOTIFICATION TO STATE COURT

### A.   This Court is the appropriate venue for this action.

Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) and Local Rules IA 1-6 and IA 1-8, venue is proper in the unofficial Southern Division of the United States District Court for the District of Nevada, because this is the district and division embracing the state court where this action was filed and is pending.

### B.   Amazon is providing notice to the state court.

A copy of this Notice of Removal is being served on all parties and filed with the Eighth Judicial District Court of Clark County, Nevada, where this case was originally filed.

### C.   Pleadings in the state court action are included.

In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Amazon in the state court action are attached. (*See* Ex. B).

T|L

THOMPSON LOWER PLLC

Raleigh C. Thompson, No. 11296
Ryan M. Lower, No. 9108
400 S. 4th Street, Suite 500
Las Vegas, Nevada 89101

Attorneys for Defendants
Amazon.com NV Investment Holdings,
LLC and Amazon.com Services, LLC

T|L

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), I certify that service of the **NOTICE OF REMOVAL** was made on today's date by submitting electronically for filing and service with the United States District Court for the District of Nevada through the PACER Electronic Filing System to the addressee(s) shown below:

THE LAW OFFICE OF CHAD A. BOWERS, LTD.
Chad A. Bowers
3202 West Charleston Blvd.
Las Vegas, Nevada 89102
bowers@1awver.com

AND

GAZDA & TADAYON, LLC
Lewis Gazda
2600 South Rainbow Blvd., Suite 200
Las Vegas, Nevada 89149
robertm@gazdatadayon.com

Attorneys for Plaintiff Christopher Szymborski

DATED: March 4, 2026          /s/ Morganne Harrison
                              An employee of Thompson Lower PLLC