**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Christopher Szymborski,<br>Plaintiff,<br><br>vs.<br>Amazon.com NV Investment Holdings, LLC, *et al.*,<br><br>Defendants. | Case No. 2:26-cv-00608-ART-MDC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION (ECF NO. 16)** |

The Court has reviewed the *Motion to Withdraw as Attorney* (ECF No. 16) ("Motion"). The Court **GRANTS** in part and **DENIES** in part the Motion for the reasons below.

Lewis Gazda, Esq. from Gazda & Tadayon, LLC, Chad A. Bowers, Esq. from The Law Office of Chad A. Bowers, Ltd., and Kyle W. Farrar, Esq. and Samantha Sweetin, Esq. from Kaster, Lynch, Farrar & Ball, LLP request to withdraw as counsel for plaintiff. *ECF No. 16*. They also request to stay the current pre-trial deadlines in this case by 90 days to allow plaintiff "a reasonable opportunity to retain substitute counsel and permit substitute counsel a reasonable opportunity to prepare." *Id.* at 4-5. Plaintiff's counsel state that "[p]rofessional considerations" require their withdrawal, citing Nevada Rules of Professional Conduct 1.16 and Model Rules of Professional Conduct 1.16 comment 3 in support of their request. *Id.* at 2. Plaintiff's counsel further state that defense counsel does not oppose the Motion. *Id.* at 5.

Defendants filed a response stating that they do not oppose plaintiff's counsel withdrawing and state that the parties would file a stipulation to extend the pretrial discovery deadlines in this case. *ECF No. 17*. The parties then filed their Stipulation to extend the pretrial deadlines by 90 days (ECF No. 18), which the Court granted (ECF No. 19).

Because plaintiff's counsel show good cause to justify withdrawal and because that request is unopposed (*see* LR 7-2(d)), the Court grants their Motion in part regarding their request to withdraw.

Plaintiff shall also register for electronic service or file a notice of appearance of new counsel by **October 1, 2026**. The Court denies in part the Motion's request to stay pretrial deadlines because the Court already granted the parties' stipulation to extend discovery and pretrial deadlines. *See* ECF No. 19.

ACCORDINGLY,

**IT IS ORDERED that:**

1. Plaintiff's counsel's *Motion to Withdraw As Attorney* (ECF No. 16) is **GRANTED** in part and **DENIED** in part.
2. Lewis Gazda, Esq. from Gazda & Tadayon LLC, Chad A. Bowers, Esq. from The Law Office of Chad A. Bowers, Ltd., and Kyle W. Farrar, Esq. and Samantha Sweetin, Esq. from Kaster, Lynch, Farrar & Ball, LLP shall be terminated as counsel of record for plaintiff and removed from CM/ECF service in this matter.
3. Plaintiff shall register for electronic service or file a notice of appearance of new counsel by **October 1, 2026**.
4. If plaintiff fails to comply with this Order, he may be subject to sanctions, including default and a recommendation to dismiss his claims in this matter.
5. Plaintiff's counsel's request to stay the pretrial deadlines in this case is **DENIED**.

DATED: September 1, 2026.

IT IS SO ORDERED.

Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal

may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.